IN RE W. N. REED, ADMINISTRATOR OF THE ESTATE OF ROBERT FRANCIS, v. ESTATE OF THOMAS THOMPSON, DECEASED.

1. **Judgment:** OPENING UNDER SECTION 82, CODE. Where proceedings were had under the statute to enforce specific performance of a contract alleged to have been made by a vendor since deceased, and a decree is entered in favor of the heirs of the vendee requiring the administrator to execute a deed, the heirs of the vendor, who were non-residents of the state while the action was pending, and on whom no other service was had than by publication of a notice in a newspaper in the county where the land was situated, and who had no actual notice of the pendency of

the action, may at any time within five years from the entry of the decree apply to the court under section 82 of the code for leave to open the judgment and be let in to defend.

2. ———: AFFIDAVIT OF ATTORNEY.   The affidavit that the party seeking to open the judgment "had no actual notice of the pendency of the suit in time to appear in court and make his defense," ordinarily should be made by the party himself.  But if from the peculiar circumstances of the case an attorney has personal knowledge of the want of such notice and makes an affidavit accordingly it will be sufficient to sustain the order when there are no counter affidavits.

APPEAL from the district court of Butler county.   Heard below before POST, J.

*Myers, Evans & Steele*, for appellant.

*Marquett, Deweese & Hall* and *W. S. Hamilton,* for appellees.

MAXWELL, CH. J.

In April, 1883, the administrator of the estate of Robert Francis, deceased, filed a petition in the district court of Butler county wherein he alleged that Robert Francis died on the 7th day of January, 1883, intestate, leaving a widow and one minor child; that W. N. Reed was thereupon appointed administrator of his estate and has duly qualified and is acting as such administrator; that on the day and year named one Thomas Thompson died intestate, leaving no widow or heirs in America, and none whatever to the knowledge of petitioner; that H. R. Craig was duly appointed and is acting as administrator of his estate; that during the life-time of said deceased parties said Francis worked as a farm hand for said Thompson at his request, for over eight years, for which Thompson had never paid him anything whatever; that prior to the death of said parties, and in payment for said services, said Thompson executed and delivered to said Francis a contract in writing, in which he

agreed to execute and deliver to said Francis a good and sufficient warranty deed for the east half of the south-west quarter of section thirty-two, in township thirteen, range three, in Butler county, which contract was in full force and effect at the death of said parties, but has been lost. The prayer is for a conveyance of said real estate by the administrator as provided by the statute.

To this petition Craig, as administrator, filed an answer, as follows: "Admits that said parties died as alleged; that the said parties were duly appointed administrators as alleged; that said Thompson died seized of said real estate; that said Francis did work for said Thompson as alleged, but he had no personal knowledge of the execution and delivery of said written contract; that one brother and four sisters of said Thompson live in Ireland, and a cousin named McBride in Ohio, and that they intend to appear and claim the estate.

In March, 1883, the cause was tried and a decree rendered as prayed for in the petition; and a deed appears to have been executed, although it is not so stated in the record. Sometime in the year 1885, the exact date does not appear, one W. S. Hamilton made an affidavit wherein he swears that he is one of the attorneys of record for Jane Thompson, Martha Wyndham, Eliza Colton, and Sarah Hamilton, and that said parties are the heirs at law of Thomas Thompson, who died in Butler county, Nebraska, January 7, 1873, intestate, leaving no widow; that at the commencement of the action said parties were and are residents of Ireland; that said parties have a complete defense to said petition; that during the pendency of the action said parties had no actual notice of the same in time to appear in said court and make their defence, etc. Afterward said parties filed an answer to the petition, verified by the same attorney. In August, 1885, the court made the following order: "This cause came on for hearing after due notice to the petitioner, W. N. Reed, upon the

motion of Jane Thompson, Martha Wyndham, Sarah Hamilton, and Eliza Colton, heirs of Thomas Thompson, deceased, to open a decree heretofore rendered in this action, and after hearing the evidence and argument of counsel the court finds that no other service upon said Martha Wyndham, Jane Thompson, Sarah Hamilton, and Eliza Colton, heirs of Thomas Thompson, deceased, was had in this case than by publication in the Butler County *Press*, and it appearing to the satisfaction of the court by the evidence that the said Martha Wyndham, Jane Thompson, Sarah Hamilton, and Eliza Colton are interested in the estate of Thomas Thompson, deceased, and that during the pendency of the action said Martha Wyndham, Jane Thompson, Sarah Hamilton, and Eliza Colton had no actual notice thereof, and that they have a defense to the same. It is therefore considered that the decree heretofore rendered in this case be and the same is hereby set aside, and that they be permitted to defend." The entering of this order is the error complained of.

Sec. 82 of the code provides that " a party against whom a judgment or order has been rendered without other service than by publication in a newspaper, may, at any time within five years after the date of the judgment or order, have the same opened, and be let in to defend; before the judgment or order shall be opened the applicant shall give notice to the adverse party of his intention to make such an application, and shall file a full answer to the petition, pay all costs, if the court require them to be paid, and make it appear to the satisfaction of the court by affidavit that during the pendency of the action he had no actual notice thereof in time to appear in court and make his defense; but the title to any property, the subject of the judgment or order sought to be opened, which by it, or in consequence of it, shall have passed to a purchaser in good faith, shall not be affected by any proceedings under this section, nor shall they affect the title to any property sold.

before judgment under an attachment.    The adverse party, on the hearing of an application to open a judgment or order, as provided by this section, shall be allowed to present counter affidavits to show that during the pendency of the action the applicant had notice thereof in time to appear in court and make his defense."

The authority of the plaintiff to institute an action against the administrator of Thompson's estate is derived from sections 323, 324, 325, and 326, of chap. 23, Comp. St., relating to decedents.

Section 329 of that chapter provides that, "whenever any person who is bound by any contract to convey real estate shall die before making the conveyance, the person entitled thereto may have a bill in chancery to enforce the specific performance of the contract by his heirs, devisees, or the executor or administrator of the deceased party who made the contract," etc.

It is unnecessary in this connection to trace the history of these several provisions.    The object is apparent, viz., to provide a mode for the enforcement of a contract made by the decedent in his life-time.    The parties interested in the decedent's estate are proper if not necessary parties to the proceeding in order that they may have an opportunity to make any defense known to exist against the claim.    The parties should be the same as in an action for specific performance.    The administrator is a mere trustee whose power to convey is derived entirely from the decree of the court. As a general rule a decree for specific performance between an administrator of the estate of the vendor, and the serviving party to a contract will be rendered, whenever such performance would be decreed in an action between the original parties, if living, unless some intervening equities controlling the case have arisen since the death of the contractor.    Willard's Eq. Juris., 269.    *Hill v. Ressegien,* 17 Barb., 162.    While the defendants who have been permitted to answer in this case were not made parties to the

action, still if their answer is true they have an interest in the property the subject of the action, and in order that their rights in the premises may be determining we see no objection to permitting them to defend.   Had the affidavit to open the default been made by the parties themselves instead of one of their attorneys it would have been more satisfactory.   It should at least show his means of knowledge.   While the statute does not in terms require the affidavit to be made by the party seeking to open the default it is pretty clear that such was the intention, as ordinarily it would be difficult for A to swear that B was not apprised of certain facts.   There may be such cases, however, where from peculiar circumstances the knowledge of the want of notice is possessed by the attorney, and we must presume such peculiar circumstances existed in this case.   As there are no counter affidavits, there is no error apparent, therefore, in granting the order.   The order of the court below is affirmed.

JUDGMENT ACCORDINGLY.

THE other judges concur.